IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JULIE A. McCRACKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-5017-SSA-CV-SW-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Julie A. McCracken seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on January 9, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

> whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

The Administrative Law Judge (ALJ) properly determined that plaintiff met the insured status requirements of the Social Security Act and had not engaged in substantial gainful activity since her alleged onset date of May 15, 2007. Plaintiff was 45 years of age at the time of her alleged onset of disability. The ALJ determined plaintiff had the following severe impairments: colitis, diverticulitis, erosive esophagus, Barrett's esophagus, gastroesophageal reflux disease, hemorrhoids, history of hiatal hernia, degenerative disc disease of lumbar spine, cervical myalgia, nonobstructive coronary disease, cardiomyopathy, hypertension, hypercholesterolemia, hyperlipidemia, acute hyponatremia, diabetes mellitus, kidney stones, tobacco use, drug abuse, history of chronic migraines, history of seizure, generalized anxiety disorder and major depression disorder. The ALJ determined plaintiff's impairments did not meet or medically

2

equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. After further consideration of the evidence, the ALJ went on to find that plaintiff had the residual functional capacity (RFC) to perform sedentary work, but provided extensive limitation to account for plaintiff's impairments. Based on this RFC and testimony from a vocational expert, the ALJ determined that although plaintiff could not perform her past relevant work, which was light in exertional level, she could perform sedentary work which exists in significant numbers in the national economy. Therefore, the ALJ determined plaintiff had not been under disability as defined by the Social Security Act from May 15, 2007, through the date of the ALJ's decision.

Plaintiff argues the ALJ erred in discounting plaintiff's credibility, failing to give greater weight to her treating and examining sources, and failing to fully and fairly develop the record. The Commissioner has responded in opposition and argues there is substantial evidence in the record to support the decision of the ALJ.

Upon review, this court finds there is substantial evidence in the record to support the decision of the ALJ that plaintiff did not suffer from disability as defined by the Social Security Act.

The ALJ did not err in the weight given to the medical opinions of record. Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence on the record that detracts from that opinion. Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. See Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Here, the ALJ properly discussed the reasons for the weight given to the medical opinions in the record. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion). Noted among these reasons were inconsistencies between treatment notes and the limitations opined, as well as reliance on the self reports of plaintiff, rather than objective clinical evidence. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (opinions of a treating physician may be discounted to the extent they are based on the claimant's discredited subjective descriptions of pain levels).

The ALJ did not err in assessing plaintiff's credibility. The ALJ's credibility findings were based on valid reasons. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Here, the ALJ properly considered the inconsistencies between plaintiff's subjective allegations of disabling pain and the record as a whole. In discussing the record, the ALJ noted multiple locations throughout the medical records indicating plaintiff exhibited drug-seeking behavior. The ALJ properly concluded that while plaintiff had medically determinable impairments reasonably expected to produce the alleged symptoms, her complaints of the severity of disabling pain were not fully credible.

Finally, this court finds that the ALJ did not err in failing to further develop the record. It is plaintiff's responsibility to provide medical evidence to show that she is disabled. See 20 C.F.R. §§ 404.1512, 416.912. An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, but only if the medical records presented fail to give sufficient evidence to determine whether a claimant is disabled. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011). Here, the ALJ had sufficient information to make a disability determination and did not need to recontact any of the treating sources. Moreover, a lack of medical evidence to support a doctor's opinion does not equate to underdevelopment of the record; the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of plaintiff's physicians. Id. Further, as noted by the Appeals Council, which did consider additional medical evidence submitted by the plaintiff, the additional medical records evidence that plaintiff alleges should have been obtained by the ALJ was not pertinent to the time period at issue in this case. Thus, there is no evidence that failure to further develop the record was unfair or prejudiced plaintiff. See Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993).

**Conclusion**

For the reasons set forth above, this court concludes that the ALJ's decision is supported by substantial evidence in the record as a whole, and that the ALJ properly determined plaintiff had not been disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 17th day of January, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge